**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>V. SOSA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-cv-01501-BAS-BGS<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND PRELIMINARY AND/OR PERMANENT INJUNCTION [ECF Nos. 10, 16]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

　　　Tyrone Wallace ("Plaintiff"), a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.　　Procedural History**

　　　On September 12, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously denied his Motion

for Appointment of Counsel and dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which relief could be granted. (ECF No. 7). The Court provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him 45 days leave in which to amend. (*Id.* at 6-9.)

On September 30, 2016, Plaintiff filed a First Amended Complaint (ECF No. 8), and thereafter, a "Request for Appointment of Counsel and Motion for Preliminary and/or Permanent Injunction" (ECF No. 10), followed by several supplemental documents offered in support of his Motion (ECF Nos. 12, 14), and an additional "Motion to Appoint Counsel" (ECF No. 16).[1]

## II.    Motions for Appointment of Counsel

In separate and successive submissions, Plaintiff has renewed his request that the Court to appoint him counsel due to his "bad handwriting" and a diagnosed "learning disability." (ECF No. 16 at 3-4; ECF No. 10 at 1.)

As the Court noted in its September 12, 2016 Order (ECF No. 7 at 6-7), all documents submitted by any pro se litigant, no matter how "inartfully pleaded" are held to "less stringent standards than those drafted by lawyers." *Id.* at 4 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But there is no constitutional right to counsel in a civil case, and nothing in Plaintiff's latest filings suggest the Court should exercise its limited discretion to request that an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept.of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[1] The Court notes that Plaintiff's latest Motion to Appoint Counsel (ECF No. 16) was simultaneously filed in two other civil rights actions Plaintiff has currently pending in the Southern District, both of which are unrelated to this case. *See Wallace v. Olson, et al.*, S.D. Cal. Civil Case No. 3:16-cv-01917-AJB-NLS (alleging access to courts violations arising in February and March 2013) (ECF Nos. 7, 15); and *Wallace v. Rundle, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2233-BAS-DHB (alleging discrimination and equal protection allegations arising in 2015 and 2016 related to Plaintiff's placement in RJD's DPP [Disability Placement Program]) (ECF Nos. 12, 13).

To date, Plaintiff has filed both a Complaint (ECF No. 1), a First Amended Complaint (ECF No. 8) in response to the Court's September 12, 2016 Order, three Motions for Appointment of Counsel (ECF Nos. 6, 10, 16), and a Motion for Preliminary and/or Permanent Injunctive Relief (ECF No. 10), all of which contain factual allegations, legal arguments, and exhibits in support. These pleadings together and alone demonstrate that while Plaintiff may not be trained in law, he is capable of legibly articulating the facts and circumstances relevant to his access to courts claims, which are typical, straightforward, and not legally "complex." *See Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has not shown a likelihood of success on the merits. *Id.*

Therefore, Plaintiff's latest Motions for Appointment of Counsel (ECF Nos. 10, 16) are **DENIED**.

### III. Screening of First Amended Complaint

#### A. Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his First Amended Complaint (ECF No. 8) also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Thus, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy

of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc*., 583 F.2d 426 (9th Cir. 1978)) (noting "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss).

### B.     Plaintiff's Allegations

In his original Complaint, Plaintiff alleged RJD Appeals Coordinators Sosa and Self and "I.G." Robert Barton in Sacramento denied his First Amendment right to access the courts by "screening out" several CDC 602 inmate appeals related to his requests for single-cell status. (ECF No. 1 at 3-6.) However, Plaintiff failed to further allege he suffered any "actual injury" as a result; therefore, the Court dismissed his Complaint with leave to amend. (ECF No. 7 at 6-8 *citing Lewis v. Casey*, 518 U.S. 343, 351-354 (1996)).

In his First Amended Complaint, Plaintiff re-alleges his access to courts claims against Sosa, Self, and Barton, and he adds RJD Appeals Coordinators Olson and Baenziger as additional Defendants. (ECF No. 8 at 1, 2). Specifically, Plaintiff contends Olson and Baenziger violated his First Amendment rights on December 18, 2014, by "not log[g]ing" a CDC 602 appeal he submitted to them requesting single-cell status. (*Id.* at 3.) Plaintiff further claims that Sosa and Self wrongfully: (1) "screened out" another CDC 602 appeal requesting "single cell status by custody UCC-ICC" on June 18, 2015, (*id.* at 4-5, 28 (RJD-C-15-00752)); (2) screened out what appear to be additional CDC 602 appeals he attempted to file on August 1, 2015 (RJD-C-15-00752); and (3) again screened out appeals on August 27, 2015, all related to his repeated demands for single-cell status at RJD due to his psychological and mental health issues, (*id.* at 6-7, 27, 70-71). Finally, Plaintiff contends he "wrote" to Barton and "asked him to order" Sosa and Self to "log and assign" his CDC 602 appeals. (*Id.* at 7.)

///
///
///

### C. Access to Courts

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's First Amended Complaint still fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. While Plaintiff's original Complaint alleged Defendants' failures to properly log and

process his CDC 602 appeals related to his requests for single-cell status presented an "obstacle" or "hindrance" to an ongoing San Diego Superior Court habeas corpus proceeding also challenging his single-cell housing status (ECF No. 1 at 4; ECF No. 1-2 at 2-14), he makes no such explicit claim in his First Amended Complaint. In fact, exhibits he attaches, including orders issued by a San Diego Superior Court Judge in Case No. HSC 11061, specifically find (1) that Plaintiff "abandoned" administrative appeals dated December 2014 "in reliance on" ongoing Superior Court orders, (*id.* at 65), and (2) that CDC 602 Log No. RJD-15-00752, which is related to his single-cell housing, was filed on January 29, 2015, (*id.* at 35), and accepted for a "First Level of Review" as of April 24, 2015. (*Id.* at 35, 66-67.) Thus, even assuming Plaintiff's state habeas petitions seeking single-cell status were "non-frivolous," *Harbury*, 536 U.S. at 413-14, he has still failed to allege any plausible facts to show that any of the Defendants he seeks to sue in this case caused him "actual prejudice with respect to … existing litigation," or that any of Defendants' alleged failures to either properly log, screen, or process the CDC 602 appeals he either filed or attempted to file in order to challenge his housing status, rendered him unable to meet a filing deadline or to present his state habeas claims. *Lewis*, 518 U.S. at 348.

Because the "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to any First Amendment access to courts claim, *Alvarez*, 518 F.3d at 1155 n.1 (quoting *Lewis*, 518 U.S. at 353), and Plaintiff has already been notified of this critical pleading deficiency, yet has failed to correct it, the Court **DISMISSES** this civil action sua sponte for failure to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and without further leave to amend. *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

///

///

### IV. Motion for Preliminary and/or Permanent Injunction

Finally, Plaintiff also requests a preliminary or permanent injunction ordering "single cell status pending [his] release date." (ECF No. 10 at 3.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

First, in conducting its initial sua sponte screening of Plaintiff's First Amended Complaint, the Court has found it still fails to state a claim upon which relief can be granted, and has dismissed his case without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *Id.*; *see also Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Second, Plaintiff's own exhibits show that he has not, and cannot yet demonstrate that he is or will be subject to immediate and irreparable harm if an injunction does not issue. To meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavits or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b)(A). "Speculative

injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674-75.

Neither Plaintiff's First Amended Complaint (ECF No. 8) nor his Motion for Preliminary and/or Permanent Injunctive Relief (ECF No. 10) meet Fed. R. Civ. P. 65(b)'s affidavit requirements. Moreover, while he claims to require single cell status based on his "history of paranoia and violence directed toward others when confined in close proximity to others," (ECF No. 10 at 3), his own exhibits show he has already been placed on single cell status at RJD "due to mental health symptoms" and his "inability to function and be re-housed with another inmate" for a period of 6-months beginning September 8, 2016. (ECF No. 8 at 79; ECF No. 10 at 7.) The same exhibit further shows Plaintiff's continued need for single-cell status will be subject to review again by RJD officials at that time. (*Id.*)

Thus, because Plaintiff has not shown a likelihood of success on the merits and has offered only speculative allegations of harm which are neither immediate nor irreparable, the Court **DENIES** his Motion for Preliminary and/or Permanent Injunction (ECF No. 10) and finds he is not entitled to the extraordinary injunctive relief he seeks. *See Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

## V. Conclusion and Order

For all the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motions for Appointment of Counsel (ECF Nos. 10, 16);

2) **DENIES** Plaintiff's Motion for Preliminary and/or Permanent Injunctive Relief pursuant to Fed. R. Civ. P. 65 (ECF No. 10);

3) **DISMISSES** Plaintiff's First Amended Complaint for failing state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

///

///

    4)    **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez*, 759 F.3d at 1116 (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend);

    5)    **CERTIFIES** that an appeal of this final Order of dismissal would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (noting indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

    6)    **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

    **IT IS SO ORDERED**.

**Dated: February 3, 2017**

*[signature]*

**Hon. Cynthia Bashant**
**United States District Judge**